EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Yanice G. Vázquez Figueroa<br><br>Peticionaria<br><br>v.<br><br>Estado Libre Asociado de P.R.;<br>Pedro Toledo Dávila,<br>Superintendente de la Policía<br>Y Otros<br><br>Recurridos | Certiorari<br><br>2007 TSPR 168<br><br>172 DPR _____ |

Número del Caso: CC-2006-1046


Fecha: 19 de septiembre de 2007

Tribunal de Apelaciones:

      Región Judicial de Mayagüez/Aibonito Panel VIII

Juez Ponente:

      Hon. López Feliciano


Abogada de la Parte Peticionaria:

      Lcdo. Nelson Vélez Lugo


Oficina del Procurador General:

      Lcda. Rosa Elena Pérez Agosto<br>      Procuradora General Auxiliar


Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Yanice G. Vázquez Figueroa

    Peticionaria

        v.                           CC-2006-1046     Certiorari

Estado Libre Asociado de P.R.;
Pedro Toledo Dávila,
Superintendente de la Policía
y Otros

    Recurridos

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 19 de septiembre de 2007.

En esta ocasión, nos corresponde determinar si erró el Tribunal de Apelaciones al reducir de $75,000 a $10,000 la compensación otorgada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, a favor de la Sra. Yanice Vázquez Figueroa por los daños sufridos a causa de un registro ilegal al que fue sometida en su propio establecimiento comercial. Por entender que la reducción realizada por el foro apelativo fue exagerada y no guarda suficiente proporción con los daños sufridos por la señora Vázquez Figueroa, modificamos el dictamen recurrido para aumentar la indemnización a $50,000.

I

La peticionaria, Sra. Yanice G. Vázquez Figueroa, trabaja para la Policía de Puerto Rico y, en su tiempo libre, opera un negocio en el pueblo de Sabana Grande, conocido como "La Caverna del Pirata". El referido negocio pertenece a la señora Vázquez Figueroa y a su padrastro, el Sr. Luis A. Soto Ruiz.

El 4 de diciembre de 1999, alrededor de treinta y cinco (35) agentes de la Policía, acompañados por funcionarios de la Administración de Reglamentos y Permisos, del Departamento de Bomberos y del Departamento de Hacienda, realizaron un operativo en el negocio de la peticionaria. Dicho operativo se realizó sin orden judicial por tratarse de una intervención de apoyo a agencias gubernamentales. La intervención respondió a una alegada confidencia de que en el negocio de la señora Vázquez Figueroa había trasiego de drogas y venta de bebidas alcohólicas a menores de edad.

Durante el operativo, la peticionaria fue registrada en presencia de aproximadamente cuarenta (40) clientes. En dicho acto le registraron la cartera y le ocuparon el arma de reglamento. Concluida la intervención, un funcionario de la Administración de Reglamentos y Permisos ordenó el cierre del negocio bajo el fundamento de que el permiso otorgado no incluía algunas de las actividades que se estaban realizando en el local, tales como el uso de una barra y la presentación de música en vivo.

Después de la referida intervención, los agentes de la Policía denunciaron a la señora Vázquez Figueroa por alegada venta de bebidas alcohólicas a menores, pero la denuncia no prosperó. A pesar de ello, la Policía le ofreció a los diarios "El Vocero" y "El Nuevo Día" información que incluía aseveraciones a los efectos de que la señora Vázquez Figueroa era un miembro de la Policía que había "sido sorprendida vendiendo licor a menores de 18 años".

Como consecuencia de lo anterior, la señora Vázquez Figueroa tuvo que recibir tratamiento psicológico porque, según testimonio pericial, comenzó a padecer sentimientos de persecución, paranoia, hostilidad, ansiedad, insomnio, depresión e incomodidad gastrointestinal[1]. De hecho, al cabo de una semana de lo ocurrido, y a causa de la falta de sueño que había estado experimentando, la señora Vázquez Figueroa sufrió un accidente automovilístico.

A raíz de estos hechos, la señora Vázquez Figueroa entabló una demanda en daños y perjuicios por persecución maliciosa y registro ilegal contra el Estado Libre Asociado de Puerto Rico, el Superintendente de la Policía, Lcdo. Pedro Toledo Dávila, y contra algunos agentes de la Policía. Posteriormente desistió de la reclamación contra varios agentes y enmendó sus alegaciones para aclarar que

---

[1] Conviene mencionar que, dos meses antes del operativo que dio lugar al caso de autos, el negocio de la señora Vázquez Figueroa fue sometido a una intervención similar con idénticos fines, sin que la gestión haya rendido fruto alguno.

los restantes funcionarios estaban siendo demandados en su carácter oficial.

Celebrado el juicio en su fondo, el Tribunal de Primera Instancia determinó que la forma en que la Policía intervino con la peticionaria, sin orden judicial, constituyó un registro ilegal que violó sus derechos constitucionales. Señaló que la Policía no tenía un protocolo para realizar allanamientos de este tipo y que el alegado apoyo a las agencias administrativas constituía tan solo un pretexto para intervenir con la peticionaria sin la correspondiente orden judicial. Finalmente, el foro de instancia sostuvo que el testimonio del agente de la Policía presentado por el Estado fue contradictorio y estereotipado y que el Estado no logró presentar "ni un ápice de prueba que justificase la intervención de la Policía de Puerto Rico con la persona y la propiedad de la demandante".

De conformidad con dichas determinaciones, el tribunal de instancia resolvió que los agentes de la Policía actuaron de manera negligente, descuidada y arbitraria al registrar a la demandante y al allanar su propiedad. En consecuencia, declaró con lugar la demanda presentada en cuanto a la causa de acción sobre registro ilegal[2] y ordenó el pago de $75,000 a favor de la señora Vázquez Figueroa en concepto de daños por las angustias mentales sufridas.

---

[2] No obstante, el tribunal *a quo* determinó que no se presentó suficiente evidencia con respecto a la causa de acción sobre persecución maliciosa, por lo que decretó su desestimación con perjuicio.

Inconforme con el dictamen, el Estado recurrió ante el Tribunal de Apelaciones cuestionando esencialmente la cuantía concedida a favor de la señora Vázquez Figueroa. Dicho foro modificó el dictamen para reducir la indemnización a $10,000 por entender que el único acto ilegal durante el operativo fue el registro físico de la señora Vázquez Figueroa y que ésta, dada su experiencia y preparación como miembro de la Policía, debía estar capacitada para lidiar con una situación como la que dio lugar al caso que nos ocupa.

Ahora la señora Vázquez Figueroa acude ante nos aduciendo que el Tribunal de Apelaciones incumplió con la norma de deferencia que rige el proceso de revisión judicial en lo concerniente a la evaluación de la prueba. Además, sostiene que la cuantía finalmente otorgada por el Tribunal de Apelaciones es irrisoriamente baja y no guarda proporción con los daños sufridos.

Examinada la petición, le concedimos término al Estado para mostrar causa por la cual no debamos modificar el dictamen recurrido y aumentar la compensación otorgada en concepto de daños y angustias mentales a la cantidad de $50,000.  Con el beneficio de las posiciones de ambas partes, procedemos a resolver.

                              II

Al evaluar el recurso de autos, partimos de la premisa de que la tarea judicial de estimar y valorar los daños resulta difícil y angustiosa, debido a que no existe un

sistema de computación que permita llegar a un resultado exacto en relación con el cual todas las partes queden satisfechas y complacidas. Nieves Cruz v. Universidad de Puerto Rico, 151 D.P.R. 150, 169-170 (2000); Blas v. Hospital Guadalupe, 146 D.P.R. 267, 339 (1998).

Precisamente por la dificultad que entraña esta gestión, existe una norma de abstención judicial de parte de los foros apelativos fundada en criterios de estabilidad y deferencia a los tribunales de instancia. Urrutia v. A.A.A., 103 D.P.R. 643, 647-648 (1975). Conforme a dicha norma, los tribunales apelativos no deben intervenir con la apreciación de la prueba y con la determinación de daños que un tribunal de instancia haya emitido, a menos que las cuantías concedidas sean ridículamente bajas o exageradamente altas. Albino Agosto v. Ángel Martínez, Inc., res. el 4 de junio de 2007, 2007 TSPR 111; Alberto Bacó v. ANR Construction, Corp., res. el 23 de septiembre de 2004, 2004 TSPR 154. Ello, claramente, responde al entendido de que los jueces de instancia están en mejor posición que los tribunales apelativos para hacer esta evaluación, toda vez que éstos son los que tienen contacto directo con la prueba presentada. Blas v. Hospital Guadalupe, supra, pág. 339; Rodríguez Cancel v. A.E.E., 116 D.P.R. 443, 451 (1985).

Con esto en mente, pasamos a disponer del caso ante nuestra consideración. No obstante, como paso de umbral debemos disponer de una moción de desestimación presentada

por el Estado en la cual aduce que procede desestimar el recurso de autos porque el mismo no ha sido debidamente perfeccionado. En específico, sostiene que el apéndice del recurso presentado por la señora Vázquez Figueroa está incompleto por no contener documentos tales como la trascripción de la prueba oral vertida en el juicio.

Con respecto a este planteamiento, debemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción. Córdova Ramos v. Larín Herrera, 151 D.P.R. 192, 197 (2000). En el caso de autos, sin embargo, la ausencia de la transcripción de la prueba oral vertida en el juicio no incide sobre nuestra capacidad para cerciorarnos de nuestra jurisdicción ya que la misma surge de otros documentos incluidos en el apéndice del recurso. Dicha omisión tampoco impide el ejercicio de nuestra facultad revisora toda vez que las razones por las que el foro apelativo modificó el dictamen del tribunal de instancia no se relacionan directamente con la credibilidad de los testigos. De hecho, el foro recurrido prácticamente no alteró las determinaciones de hechos ni las adjudicaciones de credibilidad del tribunal de instancia, sino que –a partir de esas mismas determinaciones– formuló sus propias conclusiones de derecho y ejerció un juicio independiente con respecto al valor de los perjuicios sufridos por la peticionaria. Por tanto, la controversia

que nos ocupa se limita estrictamente a la **valoración de los daños** sufridos por la señora Vázquez Figueroa, para cuya gestión podemos prescindir de la trascripción de la prueba oral ya que -al igual que el Tribunal de Apelaciones- descansaremos en las determinaciones fácticas del Tribunal de Primera Instancia.

Aclarado lo anterior, debemos resolver si erró el Tribunal de Apelaciones al reducir a $10,000 la compensación otorgada por el tribunal de instancia a favor de la señora Vázquez Figueroa en concepto de daños y angustias mentales.

### III

La señora Vázquez Figueroa alega que, al decretar la drástica reducción mencionada, el foro apelativo desatendió la normativa prevaleciente con respecto a la evaluación de la prueba a nivel apelativo. Aunque ésta no cuestiona que se haya hecho una reevaluación de los daños para determinar la cuantía que mejor corresponda a los mismos, sí sostiene que el foro apelativo ejerció su función revisora de forma excesiva y con poca o ninguna deferencia al criterio del juzgador de instancia. En particular, alega que la cuantía finalmente concedida por dicho foro es irrisoriamente baja y no guarda proporción alguna con los daños sufridos. Estamos de acuerdo.

Tal como se desprende de los hechos relatados, la señora Vázquez Figueroa fue víctima de un registro y allanamiento ilegal en su propio establecimiento comercial.

Como parte de la intervención, la cartera de la peticionaria fue registrada en su totalidad y se le ocupó el arma de reglamento. Dicho acto fue realizado por un grupo de aproximadamente treinta y cinco (35) agentes de la Policía, acompañados por funcionarios de diversas agencias gubernamentales, en presencia de unos cuarenta (40) clientes de la peticionaria.

Al concluir el operativo ilegal, el negocio de la señora Vázquez Figueroa fue clausurado. Poco después, a consecuencia de la pérdida de sueño que este evento le provocó, la señora Vázquez Figueroa tuvo un accidente automovilístico. Asimismo, a raíz del registro, ésta comenzó a padecer de sentimientos de persecución, paranoia, hostilidad, ansiedad, depresión e incomodidad gastrointestinal.

De lo anterior surge con meridiana claridad que la señora Vázquez Figueroa sufrió daños considerables a raíz del operativo cuya ilegalidad no está en discusión. Tales daños incluyen, no sólo la humillación provocada por la presencia de numerosos clientes en la escena, sino además el surgimiento de varias condiciones médicas que, sin duda, afectan adversamente su calidad de vida. La magnitud de los daños sufridos por la señora Vázquez Figueroa se puso de manifiesto a tan sólo siete (7) días del operativo ilegal, cuando ésta se vio involucrada en un accidente automovilístico debido al insomnio que había comenzado a padecer.

Aunque la valoración de los daños puede generar múltiples criterios, lo cierto es que la decisión debe descansar -dentro de lo posible- en el juicio del juzgador de instancia, quien tuvo la oportunidad de ver la prueba de cerca y de examinar la credibilidad de los testigos. En este caso, el contacto con la prueba generó en el juez de instancia la impresión de que los daños de la señora Vázquez Figueroa debían ser compensados con la suma de $75,000. Aunque coincidimos con el Tribunal de Apelaciones en el carácter un tanto excesivo de dicha suma, lo cierto es que tampoco podemos endosar su actuación de reducir la cuantía concedida a una cifra irrisoria que no guarda ninguna proporción con los daños sufridos.

La imposibilidad de sostener dicho dictamen queda aún más clara si tomamos en cuenta que la actuación del foro apelativo respondió esencialmente a un fundamento que no debe tener cabida en la evaluación de este tipo de controversia; a saber, en el trabajo que desempeña la peticionaria en el cuerpo de la Policía y en la preparación que el mismo conlleva. Resulta evidente que los miembros de la Policía, como todos los ciudadanos, tienen derecho a que se les trate con dignidad y a que la intervención con su persona y su propiedad se haga de forma razonable. Por tanto, no cabe duda que una disminución tan drástica en la indemnización concedida a favor de la peticionaria no puede sustentarse en semejante argumento.

El proceder del Tribunal de Apelaciones nos obliga a intervenir con su dictamen con el fin de atemperar sus afectos y ordenar un aumento que guarde relación con la magnitud de los daños sufridos. Tras ponderar nuevamente los daños sufridos por la señora Vázquez Figueroa, así como las circunstancias de este caso, somos del criterio que procede modificar el dictamen recurrido para aumentar la cuantía concedida a $50,000. Entendemos que dicha cuantía es razonable y guarda la proporción necesaria con los daños sufridos por la peticionaria. Al resolver de esta manera, tomamos en cuenta el sentimiento de humillación y deshonra que experimentó la señora Vázquez Figueroa durante el registro y allanamiento ilegal, así como las condiciones médicas que le sobrevinieron tras el incidente. Aunque la compensación otorgada no pueda borrar la huella que dejó en la peticionaria el evento ocurrido el 4 de diciembre de 1999, estamos convencidos de que la misma representa una suma considerable capaz de hacerle justicia a su reclamo.

IV

Por los fundamentos que preceden, se expide el auto solicitado y se modifica la Sentencia del Tribunal de Apelaciones para aumentar la cuantía concedida a favor de la Sra. Yanice Vázquez Figueroa en concepto de daños y angustias mentales a la suma de $50,000.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Yanice G. Vázquez Figueroa

    Peticionaria

        vi.                     CC-2006-1046     Certiorari

Estado Libre Asociado de P.R.;
Pedro Toledo Dávila,
Superintendente de la Policía
y Otros

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 19 de septiembre de 2007.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto solicitado y se modifica la Sentencia del Tribunal de Apelaciones para aumentar la cuantía concedida a favor de la Sra. Yanice Vázquez Figueroa en concepto de daños y angustias mentales a la suma de $50,000.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina